UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


QUINCY A. WILLIAMS,

                    Plaintiff,

v.                                    Case No. 3:16-cv-45-J-34JRK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                    Defendants.

_____

## **ORDER**

Plaintiff Quincy Alexander Williams, an inmate of the Florida penal system who is incarcerated at Columbia Correctional Institution Annex (CCIA) in Lake City, Florida, initiated this action on January 15, 2016, by filing a pro se Civil Rights Complaint Form (Complaint; Doc. 1) under 42 U.S.C. § 1983. On the same day, he filed a Motion for Temporary Restraining Order (Motion; Doc. 3). Upon the filing of the Complaint and Motion, in an abundance of caution due to Williams' assertions, the Clerk of Court sent a copy of the Complaint, Motion, and the Standing Order (that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm) to the Inspector General of the Florida Department of Corrections (FDOC) and to the Warden at CCIA, where Williams is currently housed. See Standing Order to Clerk to Notify Inspector General of the Florida Department of Corrections

and Warden of Affected Institution Regarding Inmate Claim of Suicidal Intent or Other Imminent Physical Harm (Doc. 2), filed January 15, 2016.

In the Complaint, Williams asserts that Captain Swain assaulted him and Lieutenant Reeder threatened him on October 1, 2015, at CCIA. As relief, he seeks monetary damages and requests that the Court direct the FDOC to transfer him to a facility that is located outside of Region II. In the Motion, Williams asserts that he suffers paranoia and suicidal thoughts as a result of the October 1, 2015 assault, and is waiting to be placed into "inpatient treatment" due to his deteriorating mental health. Motion at 1. As relief, he requests that the Court direct the Secretary of the FDOC to: (1) allow him access to his property while he is in confinement status; (2) assign him to "inpatient treatment" at Union Correctional Institution; and (3) transfer him to a facility that lies outside of Region II.

The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the

opposing party; and (4) an injunction is not adverse to the public interest. <u>Id.</u>

<u>Citizens for Police Accountability Political Comm. v. Browning</u>, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam). The movant must clearly establish the burden of persuasion as to the four requisites. <u>See</u> <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11th Cir. 1998). Williams has failed to carry his burden. Therefore, his Motion is due to be denied.

As chronicled in the Complaint and Motion, the FDOC has been responsive to Williams' mental health needs. According to Williams, after the alleged incident, the FDOC placed him on suicide watch and transferred him to other institutions (the Florida Reception and Medical Center and Union Correctional Institution) for self-harm observation, crisis stabilization, and mental health treatment. Williams states that, on or about January 8, 2016, Dr. Gabb, a psychologist, recommended more medication to treat his mental health needs, but Williams refused because he "was recently placed on meds which was for anxiety and it seems to be working because [he has] not attempted suicide yet." Complaint at 11, paragraph 78; <u>see</u> <u>id.</u> at 14, paragraph 109. According to Williams, the FDOC is aware of his mental health and safety concerns and has an "investigation open on this issue." Motion at 1. At this time, Williams may access sick call and request additional mental health care and effective medication and/or management to deal with his psychological issues. However, in accessing sick call and/or

- 3 -

requesting a referral to an outside provider or mental health consultant and/or seeking protective custody or access to his property, he must follow the FDOC guidelines and procedures.

Insofar as his request for a transfer, Williams asserts that the head of the classification department told him they were "working on getting [him] transferred," see Complaint at 11, paragraph 80, and that he is "second on the list," id. at 14, paragraph 108. Although Williams is still housed at CCIA and may fear retaliation from Captain Swain and/or his subordinates, it appears that the FDOC is being responsive to Williams' mental health and safety needs, that the Inspector General's Office is investigating the alleged assault, and that the classification department is reviewing whether Williams should be transferred to another institution.

The Court advises Williams that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State[.]" Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (footnote omitted); see also Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) (citing Meachum v. Fano, 427 U.S. 215 (1976)) (stating "inmates usually possess no constitutional right to be housed at one prison over another"). To the extent that Williams intends to raise other civil rights claims that are outside the scope of this Complaint, he may initiate a separate and new civil rights action to address those claims, if he elects to do so.

In light of the foregoing, Williams' Motion (Doc. 3) will be denied. However, in an abundance of caution due to the nature of Williams' assertions, the Court will direct the Clerk to send a copy of his Motion and this Order to the Warden at CCIA for whatever action may be deemed appropriate.

Therefore, it is now

**ORDERED:**

Williams' Motion for Temporary Restraining Order (Doc. 3) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of January, 2016.

MARCIA MORALES HOWARD
United States District Judge

sc 1/20
c:
Quincy Alexander Williams, FDOC #340902
Warden, Columbia CI Annex