UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


QUINCY A. WILLIAMS,

                    Plaintiff,

v.                                      Case No. 3:16-cv-45-J-34JRK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                    Defendants.
_____

### ORDER

Plaintiff Quincy Alexander Williams, an inmate of the Florida penal system who is incarcerated at Columbia Correctional Institution Annex (CCIA), initiated this action on January 15, 2016, by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. Williams filed an Amended Complaint (Doc. 23) on October 3, 2016. In the Amended Complaint, Williams asserts that Captain Swain assaulted him, and Lieutenant Reeder threatened him on October 1, 2015, at CCIA. As relief, he seeks monetary damages and declaratory relief. Before the Court is Williams' Motion for Preliminary Injunction (Motion; Doc. 26), filed November 15, 2016. In the Motion, Williams asserts that he had been undergoing "extensive mental treatment" due to suicidal ideation. Motion at 2. He complains that Defendant Reeder told dormitory officers "not to wake [him] up for [the] religious diet program." Id. at 3. He also asserts that officers searched his cell and placed him in confinement for possession of a homemade knife that an officer planted inside his locker. See id. As relief, he requests that the

Court direct the Defendants to stop allowing their officers to retaliate against him for filing this lawsuit.

The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Williams has failed to carry his burden. Therefore, his Motion is due to be denied.

Notably, Williams' assertions are strikingly similar to allegations in his previously-filed request for injunctive relief, Doc. 24; the Court denied that request, Doc. 25, on October 12, 2016. As chronicled in the instant Motion, the Florida Department of Corrections (FDOC) issued a disciplinary report (DR) for possession of a weapon. Williams may challenge the DR, request witnesses and provide his own statement in accordance with the FDOC rules, regulations and policies. Additionally, as to his fears of retaliation, he may access sick call and request additional mental

health care and effective medication and/or management to deal with his psychological issues. However, in accessing sick call and/or requesting a referral to an outside provider or mental health consultant and/or seeking protective custody, he must follow the FDOC guidelines and procedures. The Court has previously notified the FDOC about Williams' assertions. See Docs. 2, 15, 16, 20, 21, 25. Despite that Williams is still housed at CCIA and fears retaliation, it appears the FDOC is responsive to his mental health and safety needs.

The Court advises Williams that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State[.]" Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (footnote omitted); see also Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) (citing Meachum v. Fano, 427 U.S. 215 (1976)) (stating "inmates usually possess no constitutional right to be housed at one prison over another"). To the extent that Williams intends to raise other civil rights claims that are outside the scope of the operative complaint, he may initiate a separate and new civil rights action to address those claims, if he elects to do so.

In light of the foregoing, Williams' Motion (Doc. 26) will be denied.

Therefore, it is now

**ORDERED:**

Williams' Request for Temporary Restraining Order and Preliminary Injunction (Doc. 26), filed November 15, 2016, is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of November, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

sc 11/15
c:
Quincy Alexander Williams, FDOC #340902
Julie Jones, FDOC Secretary